UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMAR ROY LEE ROGERS, | ) | CASE NO. CV 11-07666 RGK (RZ) |
| Petitioner, | ) | ORDER TO SHOW CAUSE |
| | ) | RE TIMELINESS |
| vs. | ) | |
| MR. VIRGA, Warden, | ) | |
| Respondent. | ) | |

        The Court issues this Order To Show Cause directed to Plaintiff because the action may be time-barred.

        In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a portion of which established a one-year statute of limitations for bringing a habeas corpus petition in federal court.  28 U.S.C. § 2244(d).  In most cases, the limitations period commences on the date a petitioner's conviction became final.  *See* 28 U.S.C. § 2244(d)(1).  The limitations period will start instead on one of the following dates, whichever is latest, if any of them falls after the petitioner's conviction becomes final:  the date on which a State-created impediment – itself a violation of Constitutional law – was removed; the date on which a newly-recognized Constitutional right was established; or the date on which the factual predicate for the claims could have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1).

The time spent in state court pursuing collateral relief in a timely manner is excluded, *see* 28 U.S.C. § 2244(d)(2), and the courts have held that the statute also is subject to equitable tolling. *See Holland v. Florida*, 560 U.S. __, 130 S. Ct. 2549, 2560, 2562-63, 177 L. Ed. 2d 130 (2010).

The current petition was filed on September 15, 2011. From the face of the petition and from judicially-noticeable materials, the Court discerns that –

(a)   Petitioner was convicted of robbery (carjacking) with the use of a firearm in Los Angeles County Superior Court in 1999. He was sentenced to 15 years in prison. Pet. at 3.

(b)   The California Court of Appeal and, on August 30, 2000, the California Supreme Court, denied relief on direct review. *See* docket in *People v. Rogers*, No. S090260 (Cal. Supreme Ct. 2000), *available at* http://appellatecases.courtinfo.ca.gov/search/case/mainCaseScreen.cfm?dist=0&doc_id=1821939&doc_no=S090260.

(c)   Petitioner apparently did not seek *certiorari* in the United States Supreme Court. His conviction therefore became final after November 28, 2000, when the high court's 90-day period for seeking such relief expired. *See* Sup. Ct. R. 13.1.

(d)   Nearly a decade passed. Late in 2010, Petitioner began seeking habeas relief, first in the trial court and then in the California Court of Appeal and the California Supreme Court. The latter court denied his final state-court challenge on May 18, 2011. *See* Pet. at 6-7.

* * * * *

Unless this Court has miscalculated the limitations period, or some form of additional tolling applies in sufficient measure, this action is time-barred. It became stale at the end of November 2001, a year after his conviction became final. Petitioner's commencement of state habeas proceedings nearly ten years thereafter cannot rejuvenate his stale claims. *Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000). No basis appears in the petition for a later AEDPA-limitations-period starting date. Nor does the face of the petition disclose any basis for equitable tolling.

This Court may raise *sua sponte* the question of the statute of limitations bar, so long as it gives Petitioner an opportunity to be heard on the matter. *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001). Accordingly, Petitioner shall show cause why this action should not be dismissed as being barred by the one-year statute of limitations. Petitioner shall file his response to the Court's Order to Show Cause not later than 21 days from the filing date of this Order.

If Petitioner does not file a response within the time allowed, the action may be dismissed for failure to timely file, and for failure to prosecute.

IT IS SO ORDERED.


DATED:      September 26, 2011

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE